## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
☑ **HARRISONBURG DIVISION** [☐ **HARRISONBURG** or ☑ **STAUNTON**] or
☐ **LYNCHBURG DIVISION** [☐ **LYNCHBURG** or ☐ **CHARLOTTESVILLE**]

☑ **INITIAL** or ☐ **SUPPLEMENTAL**
## TRUSTEE'S REPORT & OBJECTIONS FOLLOWING MEETING OF CREDITORS

### and

☑ **NOTICE TO DISMISS OR CONVERT CASE**

☑ **MODIFICATIONS, DOCUMENTS, OR ACTIONS REQUIRED** or ☐ **READY FOR CONFIRMATION**

IN RE: **MICHAEL NMN CROFT**                    **CASE #: 13-50711**
          **800 OAK AVENUE**
          **WAYNESBORO, VA 22980**

This is the Trustee's report following the ☑ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☑ did or ☐ did not attend; Creditors ☐ did or ☑ did not appear.

☑ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on ____July____ __17__, 201**3**, at ☑ 9:30 a.m. or ☐ 10:00 a.m., ☐ 2:00 p.m. as originally noticed;

☑ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth on attached Exhibit "A"

☑ The Meeting of Creditors **IS NOT** adjourned;

☐ The Meeting of Creditors **IS** adjourned to _____ _____, 201____, at __:__ ___.m. - *Debtor's Attorney to notice Debtor of the continuance.*

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

**WHEREFORE,** your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated:   06/25/2013                                              *Angela M. Scolforo*
          (Date of 341 Hearing)                        Herbert L. Beskin, Chapter 13 Trustee

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103, Charlottesville, VA 22902
Tel: (434)817-9913; Fax: (434) 817-9916

### CERTIFICATE OF SERVICE

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and either e-mailed or mailed to Debtor's counsel on June 26, 2013.

                                                        *Angela M. Scolforo*
                                              Herbert L. Beskin, Chapter 13 Trustee

(Version #24, 04/10/1?)

## EXHIBIT "A" TO TRUSTEE'S REPORT (page 1)

**Name(s): MICHAEL NMN CROFT**                                                          Case No.  13-50711

**_X_  1.** The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

**___ 2.** The Debtor or attorney must _within 10 days_:
- ___ A. Submit a pay-direct Order or ~~wage-deduction Order~~ to the Court for entry; or **6/18/2013**   (OK)
- ___ B. Send to the Trustee the employer's payroll office mailing address so that a wage-deduction Order can be prepared

**___ 3.** The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
- ___ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109 (e)]   (OK)
- ___ B. Debtor ineligible for Chapter 13: pending case or dismissal of prior case [11 U.S.C. § 109(g)]   (OK)
- ___ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] **5/8/2013**   (OK)
- ___ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]   (OK)
- ___ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
- ___ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
- ___ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
  - 1. Plan payment period should be _____ months. (Debtor ☐ above median ☐ below median)
- ___ H. Plan does not comply with all applicable provisions of the Bankruptcy Code [11 U.S.C. § 1325(a)(1)]
- ___ I. Filing fees or other amounts required to be paid before confirmation have not been paid [11 U.S.C. § 1325(a)(2)]
- ___ J. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)]
- ___ K. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]
- ___ L. Plan fails to properly provide for the retention of a lien by an allowed secured claim holder [11 U.S.C. § 1325(a)(5)(B)(i)]
- ___ M. Amount to be distributed to allowed secured claim is less than the claim's allowed amount [11 U.S.C. § 1325(a)(5)(B)(ii)]
- ___ N. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]   (OK) N/A
- ___ O. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]   (OK) N/A
- ___ P. Debtor will not be able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)]
- ___ Q. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)]
- ___ R. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
- ✓ S. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]  **IRS 2012**   N/A
- ✓ T. Plan fails to provide that all of the debtor's projected disposable income in the applicable commitment period will be applied to plan payments [11 U.S.C. § 1325(b)(1)(B)]  **Cm1 as amended requires at least net $223,860 for general unsecured**
- ___ U. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
- ___ V. Other: _____

- ___ W. Debtor in default of plan / Trustee payments (As of ___/___/___ : amt rec'd = $_____ ; def. = $_____ )   OK
- ✓ X. Note: Plan must pay 100% of (joint) unsecured claims because of:   (1) Chap. 7 test   (2) disposable income test.

**✓ 4.** The Debtor must provide the Trustee with the following documents:
- ___ A. Copy of all of the Debtor's pay stubs, operating statements (if self employed), retirement checks, or government benefits (Social Security, Unemployment, Insurance, etc.) received in the 60 day period before this case is filed.   OK
- ✓ B. Copy of any previously filed Homestead Deed(s).
- ___ C. Within **30** days a copy of all delinquent unfiled income tax returns, plus a statement confirming that returns have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
- ___ D. Copy of the Debtor's real estate & personal property tax assessments for the current year (& most recent real estate appraisal).   (OK)
- ___ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint ownership; life estate; or _____ )
- ___ F. A copy of current car insurance declaration page stating term of coverage, kinds of coverage, and total premium.   OK
- ___ G. A copy of the following state or federal income tax returns: _____
- ___ H. Copy of debt repayment plan developed through budget counseling process [11 U.S.C. §. 109(h), 521 (b)]
- ___ I. Copy of documents evidencing debtor's interest in education individual retirement account [11 U.S.C § 521(c)]
- ✓ J. Documents, _properly summarized_, to support:  **Prove line 60 adjustment $1,500 or pay 100% + medical $350 or pay 100%.**
- ___ K. The questionnaire sent to the Debtor by the Trustee (with all questions answered)   (OK)
- ___ L. A copy of the Debtor's most recently filed federal income tax return (20**12**) [11 U.S.C. § 521(e)(2)]   (OK)
- ___ M. Pursuant to 11 U.S.C. § 521 (f) a copy of:   OK N/A
  - ___ 1. Each federal income tax return (and amendments) filed for any tax year ending while this case is pending;
  - ___ 2. Each federal income tax return (and amendments) that (a) is filed for any year ending in the three year period ending on the date this case was filed, and (b) had not been filed when this case was filed
  - ___ 3. A statement under oath, to be filed annually at least 45 days before the anniversary of the plan's confirmation date, of (a) income & expenditures for the most recently concluded tax year, and (b) monthly income (showing how calculated)
- ___ N. DSO information needed:  payee  name, address, and phone number   OK N/A
- ✓ O. **Pre-confirmation affidavit from Debtor, or other appropriate evidence to satisfy matters addressed in the affidavit**
- ___ P. Other: _____

**___ 5.** The Debtor must provide the Trustee with the following information: _____
_____
_____

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)**
Name(s):MICHAEL NMN CROFT  13-50711

✓ 6.  The Debtor must file the following pleading(s):
____ A.  Motion/Complaint to Avoid Lien for: _____
____ B.  Application for Allowance of attorney's fees in excess of usually allowed amount.  $ 3,000
____ C.  Motion to Make Plan Payments Directly
         Notice to Allow Adequate Protection payments for: **Bank of America**   6-20-13                    OK  N/A
____ E.  Motion and Order to Extend or Impose Automatic Stay                                                OK  N/A
____ F.  Other: _____

✓ 7.  The Debtor must amend and refile the following Schedules to provide complete and accurate information:
____ A.  Schedule A: _____
____ B.  Schedule B: _____
____ C.  Schedule C: Trustee objects to the following claims of exemption: _____
                    _____
____ D.  Schedule D: _____
____ E.  Schedule E: _____
____ F.  Schedule F: _____
____ G.  Schedule G: _____
____ H.  Schedule H: _____
____ I.  Schedule I: _____
____ J.  Schedule J: _____
____ K.  Statement of Financial Affairs: _____
____ L.  Attorney Disclosure Statement: _____
____ M.  Form 21 (Soc. Sec. #): _____
____ N.  Petition: _____
____ O.  Statement of anticipated increases in income/expenses over first 12 mos: _____
✓ P.  Form B22C (Current Monthly Income): **line 49 = $ 864    line 47 add IRS $ 303**
____ Q.  Other: _____

✓ 8.  The Debtor must amend the proposed Plan as follows:
____ A.  To provide for §1326 adequate protection payments for: _____
____ B.  To amend Plan to pay secured debt arrearage in full, or file objection to claim filed by lienholder (objection to be heard and/or resolved by
         the date of confirmation), for the following creditor(s): _____
____ C.  To provide that Debtor shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during Plan.
✓ D.  To increase Plan payments as follows:  **pay 100%**
____ E.  To correct proposed percentage payout to unsecured creditors.
✓ F.  To provide for the following priority or secured claims, or object to claim(s):  **POC 2 IRS - secured $ 16,867**
                                                                                        **pnority $ 51,797**
____ J.  File, notice, and serve "Special Notice to Secured Creditor" for: **Bank of America  6-20-13 Done**
____ H.  File / Redo Plan using proper Plan format (see Court's web site)
____ I.  To resolve the following objections/motions: _____
         _____
____ J.  Other: _____
         _____

____ 9.  The Plan needs to be re-noticed to:
____ A.  All creditors
____ B.  The following creditors: _____

____ 10.  Debtor not entitled to discharge [§ 1328(f)] because: _____                   N/A

✓ 11.  Other: **Continue past bar date to pay 100% and resolve**
              **any disputed claims**

____ 12.  Attorney shall discuss with debtor(s) revising wage withholding and/or tax exemptions to increase take-home pay

____ 13.  **Trustee & attorney agree: Confirmation to be continued to    /    /    w/ expectations / conditions**

          Reason: to get beyond bar date to review joint claims / ensure 100% payout, or _____